UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR HERNANDEZ,

    Plaintiff,

v.                                                        CASE No. 8:08-CV-2345-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not shown any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-three years old at the time of the most recent administrative hearing, and who has a limited education (Tr.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

603), has worked as a diesel mechanic (Tr. 100). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to arthritis, back injury, lower back pain, and right forearm injury (Tr. 139). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found the plaintiff has severe impairments of lumbar degenerative disc disease, osteoarthritis, and history of right forearm fracture and surgical repair (Tr. 20). The law judge concluded that these impairments limited the plaintiff to a full range of light work (Tr. 22). The law judge determined that this limitation prevented the plaintiff from performing past work (Tr. 27). However, based upon the plaintiff's residual functional capacity, his age, and his education, the law judge ruled that the medical-vocational guidelines directed a finding that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B.  The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims.  See 20 C.F.R. 404.1501, 416.969.  Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity.  In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled.  These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations.  20 C.F.R. Part 404, Subpart P, Appendix 2.  If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled.  20 C.F.R. 404.1569, 416.969a.  If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only.  Id.

III.

The plaintiff challenges the law judge's decision on two related grounds. Neither ground warrants reversal.

The plaintiff argues, first, that the law judge improperly discounted the opinion of treating physician Dr. Carlos A. Diaz that the plaintiff was essentially disabled (Doc. 15, pp. 3-5). Dr. Diaz, a specialist in orthopedics, treated the plaintiff from June 2006 through October 2007 (Tr. 202-30). He filled out a residual functional capacity questionnaire on October 24, 2007, and included, among other things, a limitation in sitting, standing, and walking (Tr. 208).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge expressly recognized that he needed to consider medical opinions (Tr. 22). Accordingly, the law judge considered Dr. Diaz's opinion and discounted it (Tr. 26). The law judge explained that Dr. Diaz's opinion "appears to be based primarily on claimant's subjective complaints and is not supported by Dr. Diaz' own examination findings or other examination findings of record" (id.). The law judge added (id.):

> Dr. Diaz' questionnaire indicates that the claimant demonstrated muscle weakness and positive straight leg raises, yet his treatment notes do not reflect such findings. His assessment of October 2007 is inconsistent with his initial assessments that did appear to be based on objective examination findings and provided a restriction only for repetitively lifting of more than 25 pounds. Dr. Diaz' initial opinion was also consistent with that of several other treating physicians.

These reasons are sufficient to provide good cause for discounting Dr. Diaz's opinion. Significantly, the plaintiff has failed to show by specific citation to the medical evidence, as required by the scheduling Order (Doc. 14, p. 2), that the law judge's reasons are incorrect. He clearly did not demonstrate that the evidence compels a finding that Dr. Diaz's opinion must be given controlling

weight. Accordingly, the plaintiff's challenge to the law judge's assessment of Dr. Diaz's opinion is unavailing.

In his second argument, the plaintiff asserts that the law judge erred when he found that the plaintiff could perform a full range of light work and therefore relied upon the grids, rather than a vocational expert, to determine the existence of work in the national economy that the plaintiff could carry out (Doc. 15, pp. 5-8). In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985). Under this principle, the law judge could employ the grids if his assessment that the plaintiff could perform the full range of light work was supported by substantial evidence.

In this case, there were several opinions by doctors regarding the plaintiff's functional limitations. They ranged from an inability to perform even sedentary work (Tr. 236) to the ability to perform medium exertional work (Tr. 396, 466).

As indicated, Dr. Diaz opined that the plaintiff could perform, at best, a limited range of light work. However, as indicated, the law judge reasonably discounted that opinion.

Similarly, the law judge explained why he was giving little weight to the opinion of Dr. H. D. Wassel, who said that the plaintiff could not even perform sedentary work (Tr. 25). The plaintiff has not challenged the reasons given by the law judge for discounting Dr. Wassel's opinion.

At the other end of the range of viewpoints, two non-examining reviewing physicians opined that the plaintiff could perform medium work (Tr. 396, 466). The law judge said that he was also giving limited weight to those opinions and explained why (Tr. 26).

The law judge, on the other hand, stated that "[t]he most weight is accorded to the opinions of treating orthopedic surgeon Dr. [Thomas M.] Sweeney, treating neurosurgeon Dr. [Ryan S.] Glasser, and treating rehab specialist Dr. [William J.] Cole, placing the claimant at light exertional with lifting restriction of 20-25 pounds" (Tr. 26). Dr. Sweeney recommended that the plaintiff "go back to work full time," with "no restrictions but because of the arthritis in his back he may want to limit his lifting to 25 pounds" (Tr.

-9-

509). Dr. Glasser indicated that the plaintiff could return to work, but with the sole restriction of not lifting greater than twenty pounds (Tr. 529). Significantly, neither Dr. Sweeney nor Dr. Glasser stated any restrictions on sitting, standing, or walking, or set forth any postural limitations.

The opinion of Dr. Cole also supported the law judge's finding that the plaintiff could perform the full range of light work, although his opinion was not as unequivocal as those of Dr. Sweeney and Dr. Glasser. Thus, Dr. Cole stated that the plaintiff was limited to lifting a maximum of twenty pounds, but added the restriction of stooping and bending as tolerated, as well as pushing, pulling, or carrying (Tr. 261, 263). He did not indicate any limitations on sitting, standing, or walking (Tr. 263). Particularly in light of the absence of any restrictions on sitting, standing, or walking, Dr. Cole's opinion provides significant support for the law judge's finding of an ability to perform a full range of light work.

The plaintiff seeks to counter Dr. Cole's opinion by reference to a functional capacity evaluation, which Dr. Cole prescribed (Tr. 247). That evaluation concluded that the plaintiff could perform less than a full range of

light work (Tr. 434-35). However, as the Commissioner points out, there is no indication that Dr. Cole adopted the findings of that evaluation.

Moreover, the law judge expressly considered the evaluation and set forth reasons for giving it limited weight (Tr. 26). Significantly, the plaintiff has not challenged the law judge's discounting of the evaluation. In light of the scheduling Order, which required the plaintiff to identify with particularity the discrete grounds upon which the administrative decision is being challenged (Doc. 14, p. 2), any challenge to the discounting of the evaluation is deemed abandoned. Consequently, the functional capacity evaluation provides no support for the plaintiff's position.

In sum, there is a range of medical opinions regarding the plaintiff's residual functional capacity, thereby presenting the classic situation of a law judge having the responsibility to resolve the conflicting evidence. In resolving that conflict, the law judge gave the most weight to the opinions of Drs. Sweeney, Glasser, and Cole. The opinions of Drs. Sweeney and Glasser clearly support the finding that the plaintiff can perform the full range of light work, and, to a significant extent, so does the opinion of Dr. Cole. That finding, therefore, is due to be upheld under the highly deferential

substantial evidence test. And, as previously explained, in view of that finding, the law judge could appropriately rely upon the grids.

The plaintiff, however, raises a further challenge to the application of the grids. Thus, he argues that the law judge improperly categorized the plaintiff as having a limited or less education, and should have categorized him as illiterate or unable to communicate in English (Doc. 15, p. 7). If that were the case, the plaintiff would be deemed disabled. See Rule 202.09, 20 C.F.R. Part 404, Subpart P, App. 2.

The plaintiff was born in Honduras, and came to the United States in 1981 (Tr. 111). He subsequently became a United States citizen (id.). He attended Manatee Technical Institute where he received a certificate in diesel mechanics (id.), and took some English classes (Tr. 604). He worked for Manatee County as a mechanic for almost eighteen years (see Tr. 100, 532). Notably, when the plaintiff was admitted to a hospital for a broken arm in August 1989, a hospital note stated: "Language Barrier, if any: None (Speaks English and Spanish both well)" (Tr. 307).

In his decision, the law judge rejected an assertion that the plaintiff was illiterate or unable to communicate in English (Tr. 26). In this respect, the law judge stated (id.):

> No where else in the record is there mention that the claimant was unable to communicate in English during previous employment or with his many physicians. He did not allege that he was illiterate or unable to communicate in English and reported to Dr. [Henry A.] Tenenbaum that he attended regular classes in school and was bilingual. The claimant was able to complete a 3-page intake form written at the 5th to 6th grade level and Dr. Tenenbaum noted that the claimant was able to read and his arithmetic skills were functional for daily tasks. The claimant was able to successfully testify at the hearing without an interpreter.

Under these circumstances, the law judge could reasonably conclude that the plaintiff's education level was "limited or less," and apply Rule 202.11 to find the plaintiff not disabled. See 20 C.F.R. Part 404, Subpart P, App. 2. In all events, the evidence clearly establishes that the plaintiff's education level was "at least literate and able to communicate in English," so that the grids would still direct under Rule 202.10 a finding of not disabled. Id. The plaintiff has certainly failed to demonstrate that the evidence compels the finding of "illiterate or unable to communicate in

English" that is required in order for Rule 202.09 to apply. Id. Accordingly, the plaintiff's argument on this point fails.²

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 25th day of December, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

²It is appropriate to note that, when the plaintiff reached age fifty-five on August 15, 2009, he would be deemed disabled under the grids, except in the unlikely event that his residual functional capacity, or his educational level, has improved, or he has transferable skills. See Rules 202.01, 202.02.